UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 08 2013 ★
BROOKLYN OFFICE

----------x
JENNIE ROMEO,

                Plaintiff,

-against-

BETH ISRAEL MEDICAL CENTER et al.,

                Defendants.
----------x

MEMORANDUM & OPINION

12-cv-1212 (ENV)(RML)

**VITALIANO, D.J.,**

On March 12, 2012, plaintiff filed this action against individual and institutional defendants alleging discrimination against her on the basis of her race, gender, and national origin, subjected her to a hostile work environment and retaliated against her in alleged violation of Title VII and New York law. Individual defendant Carlos Gonzalez answered the complaint on March 26, 2013. By unopposed motion filed March 27, 2013, Gonzalez now seeks appointment of counsel.

The request is denied.

Courts enjoy broad discretion in determining whether to appoint counsel for civil litigants, "subject to the requirement that it be guided by sound legal principle." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989) (internal quotations omitted). When considering such a request, the threshold inquiry is whether there is "some likelihood of merit." *Johnston v. Genesee Cnty. Sheriff Maha*, 606 F.3d 39, 41 (2d Cir. 2010) (quotation omitted). Gonzalez presents no colorable defense at this time. Even if the threshold requirement were met, he would still fall short of meeting the secondary factors that bear on such a request, as there is no indication that this matter involves any particularly complex or novel legal issues, nor does Gonzalez suggest a special reason why appointment of counsel in this case would be more likely

1

to lead to a just determination. *See Hodge v. Police Officers,* 802 F.2d 58, 61–62 (2d Cir. 1986).

Under these circumstances, the Court finds that the interests of justice do not necessitate appointment of counsel to represent Gonzalez at this time. His motion for the appointment of counsel is denied, but with leave to renew it at a later time should circumstances change and the interests of justice are impleaded. He remains free to confer with the Court's pro se office and with co-defendants to the extent there may be matters common to their defense interests.

SO ORDERED.

s/Eric Vitaliano
ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
April 4, 2013